United States District Court
Southern District of Texas

**ENTERED**

June 23, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| FREDRICK UWAGBAI, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. H-26-2790 |
| JEFFERSON CAPITAL SYSTEMS, LLC, | § § § | |
| Defendant. | § § § | |

## ORDER

Pending before the Court is Defendant, Jefferson Capital Systems, LLC's, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law (Document No. 17). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter involving alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff Uwagbai contends that Defendant Jefferson Capital Systems, LLC ("Defendant") violated § 227 of the TCPA when it "sent the Plaintiff two pre-recorded text messages[.]"[1] Based on the foregoing, on March 19, 2026, Plaintiff filed suit in the Harris County Justice Court, Precinct 4, Place 2,

---

[1] *Notice of Removal*, Document No. 1, Exhibit A at 11 (*Plaintiff's Amended Citation*).

asserting a claim against Defendant for violation of the TCPA.[2] On April 8, 2026, Defendant removed the case to this Court pursuant to federal question jurisdiction. On May 15, 2026, Defendant filed the present motion to dismiss for failure to state a claim upon which relief can be granted.[3] Plaintiff has not responded to Defendant's motion to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable

---

[2] *See Plaintiff's Amended Citation, supra* note 1 at 11.

[3] *See Defendant, Jefferson Capital Systems, LLC's, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law*, Document No. 17 at 1.

to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendant moves to dismiss Plaintiff's claim, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to Defendant's motion to dismiss, failing to rebut or offer evidence to counter Defendant's contentions.[4] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider the merits of Plaintiff's claim against Defendant. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[4] The Court notes *Plaintiff's Response to Motion to Dismiss*, Document No. 9 at 1. However, the Court notes that this response was filed on 4/10/2026, over a month prior to the present motion to dismiss. As such, the Court declines to consider Plaintiff's Response to Motion to Dismiss, Document No. 9, as a response to the present motion to dismiss.

3

Plaintiff alleges that Defendant violated § 227 of the TCPA when it "sent the Plaintiff two pre-recorded text messages[.]"[5] Defendant contends that "Plaintiff's TCPA claim fails as a matter of law because the TCPA does not prohibit sending a text message."[6]

The TCPA provides, in relevant part, that "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1). To be liable under § 227 of the TCPA, a defendant must "make a call[.]" *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015). Furthermore, "a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." *Id.* at 641.

Here, Plaintiff alleges that he was sent "two pre-recorded text messages[.]" In response, Defendant contends that "[n]ot only is Plaintiff unable to present evidence that any alleged prerecorded voice actually played he is also unable to present evidence that JCAP's [Defendant's] messages included an audible voice, at all."[7]

---

[5] *Plaintiff's Amended Citation, supra* note 1 at 11.

[6] *Defendant, Jefferson Capital Systems, LLC's, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law*, Document No. 17 at 5.

[7] *Defendant, Jefferson Capital Systems, LLC's, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law*, Document No. 17 at 5.

4

Plaintiff offers no rebuttal. Based on the Court's own independent review of the record in this matter, the Court finds that the communications in question in this case are nothing more than text messages and that no call was made. Based on the foregoing, and the Fifth Circuit's clear guidance that the TCPA only applies when a prerecorded voice actually plays, the Court finds that the TCPA is inapplicable here. As such, the Court finds that Defendant's motion should be granted.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant, Jefferson Capital Systems, LLC's, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Incorporated Memorandum of Law (Document No. 17) is **GRANTED**. The Court further

**ORDERS** that all pending motions in this matter are hereby **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff's claim against Defendant Jefferson Capital Systems, LLC is **DISMISSED**.

SIGNED at Houston, Texas, on this **23** day of June, 2026.

DAVID HITTNER
United States District Judge